IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAWANA PITTMAN, o/b/o T.H.J.P., § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> NANCY A. BERRYHILL, ACTING § <br> COMMISSIONER OF THE SOCIAL § <br> SECURITY ADMINISTRATION, § <br> § <br> Defendant. § | CIVIL ACTION NO. H-18-0568 |

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the Court in this social security appeal is Defendant's Motion for Summary Judgment and Brief in Support (Document Nos. 16 & 17). After considering the motion for summary judgment, the administrative record, the written decision of the Administrative Law Judge, the additional records submitted by Plaintiff (Document Nos. 11 & 12), and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendant's Motion for Summary Judgment is GRANTED, and the decision of the Commissioner of the Social Security Administration is AFFIRMED.

**I.     Introduction**

Plaintiff Kawana Pittman ("Pittman"), proceeding *pro se* on behalf of her minor child T.H.J.P., brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income

benefits. In the *pro se* Complaint she filed in this appeal, Pittman contends that her son, T.H.J.P., is disabled as a result of an intellectual disorder, attention deficit hyperactivity disorder (ADHD), a learning disability, and a speech impediment. While Pittman does not allege in her Complaint, or any other filing in this case, how or why the administrative decision is infirm, the Court will construe Pittman's filings as challenging, on substantial evidence grounds, the Administrative Law Judge's decision that T.H.J.P. does not meet, medically equal, or functionally equal a listed impairment. While the parties were instructed to file cross motions for summary judgment, only the Commissioner has filed a Motion for Summary Judgment. In that motion, the Commissioner argues that there is substantial evidence in the record to support the ALJ's decision and that the ALJ properly applied the applicable Listings and regulations.

## II. Administrative Proceedings

On April 11, 2014, Pittman filed an application for supplemental security income benefits under Title XVI, alleging that her minor child, T.H.J.P., has been disabled since November 1, 2013, as a result of attention deficit hyperactivity disorder, oppositional defiant disorder, and nocturnal enuresis (Tr. 170-199). The Social Security Administration denied the application at the initial and reconsideration stages. After that, Pittman requested a hearing before an ALJ. The Social Security Administration granted her request and the ALJ, Gary J. Suttles, held a hearing on November 23, 2016, at which Pittman's claims were considered *de novo*. (Tr. 52-89). On December 15, 2016, the ALJ issued his decision finding that T.H.J.B. was not disabled, and was therefore not entitled to supplemental security income benefits. (Tr. 20-31).

Pittman sought review of the ALJ's adverse decision with the Appeals Council. The Appeals

Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 404.970; 20 C.F.R. § 416.1470. After considering Pittman's contentions in light of the applicable regulations and evidence, the Appeals Council concluded, on October 18, 2017, that there was no basis for review. (Tr. 1-3). The ALJ's decision thus became final.

Pittman, proceeding *pro se*, filed a timely appeal of the ALJ's decision. 42 U.S.C. § 405(g). The Commissioner has since filed a Motion for Summary Judgment and Brief in Support (Document Nos. 16 & 17), to which Pittman has not, to this date, filed a response in opposition. As Pittman was given time to file a motion for summary judgment, and time to file a response to the Commissioner's Motion for Summary Judgment, this appeal is ripe for ruling.

### III.     Standard for Review of Agency Decision

The court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by

3

substantial evidence. 42 U.S.C. § 405(g). While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999); *Cook v. Heckler*, 750 F.2d 391 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

### IV. Availability of Supplemental Security Income Benefits

Supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq, are available to aged, blind and disabled individuals, including minors who are disabled. *See* 42 U.S.C. §§ 1382, 1382c. Under 42 U.S.C. § 1382c(a)(3)(A), an individual aged 18 or over,

> shall be considered disabled [for purposes of supplemental security income benefits] if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

Such an individual, however, will only be found to be under a disability if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). For individuals under the age of 18, supplemental security income benefits are available if the individual is disabled – meaning for those under 18 years of age that:

> [the] individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C).

An individual seeking supplemental security income benefits, either for themselves at 18 years of age or older, or on behalf of a minor (under the age of 18), has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988); *Tate ex rel. Tate v. Commissioner*, 368 F.Supp.2d 661, 663-664 (E.D. Mich. 2005).

In evaluating whether a child (under the age of 18) is entitled to supplemental security income benefits under Title XVI, a three-step sequential analysis is employed. *See* 20 C.F.R. § 416.924(a) - (d). First, it must be determined whether the child is engaged in substantial gainful activity. If so, a finding of not disabled must be made; if not, it must next be determined if the child's impairment or combination of impairments is severe. A child will not be found to have a

severe impairment if it constitutes only a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." 20 C.F.R. § 416.924(c). If the child has a severe impairment it must finally be determined whether the impairment meets, equals or is functionally equal in severity to a listed impairment. 20 C.F.R. §§ 416.924(d), 416.926, 416.926a. Whether the impairment equals a listed impairment is determined by considering the medical evidence in connection with the requirements of the applicable listing. 20 C.F.R. § 416.926. If the impairment does not actually equal a listed impairment, it must be determined whether the impairment or combination of impairments "functionally" equals the requirements of any listed impairment. 20 C.F.R. § 416.926a. For this functional equivalence inquiry, it must be considered whether the child's impairment(s) results in a "marked" limitation in two, or an "extreme" limitation in one, of the following "domains": (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health a physical well-being. 20 C.F.R. § 416.926a(b). A "marked" limitation is one that interferes seriously with a child's ability to "independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation is one that "interferes very seriously with [one's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3).

## V. Discussion

The ALJ decided this case at the third step. At the first step, he found that T.H.J.P. was not engaged in substantial gainful activity. At step two, he found that T.H.J.P.'s attention deficit hyperactivity disorder and his learning disability/speech disorder were severe impairments. At step

three, the ALJ found that T.H.J.P.'s impairments did not meet or medically equal a listed impairment. Finally, in determining whether T.H.J.P.'s impairments were functionally equivalent to a listed impairment, the ALJ addressed each of the six domains, and found that T.H.J.P. had less than marked limitations in the domains of acquiring and using information, attending and completing tasks, interacting and relating to others, and caring for himself; had a mild limitation in the domain of health and physical well-being; and no limitation in the domain of moving about and manipulating objects. With neither marked limitations in two domains nor an extreme limitation in one domain, the ALJ determined, as provided for by 20 C.F.R. § 416.926a, that T.H.J.P.'s impairments were not functionally equivalent to a listed impairment and that he was, consequently, not disabled.

In this appeal, Pittman has not articulated how or why the ALJ's decision is either not supported by substantial evidence or is, in any way, contrary to the governing legal principles of determining disability for an individual under the age of 18. A review of the administrative record alongside the decision of the ALJ convinces the Court that substantial evidence supports the Commissioner's decision, and that the decision comports with relevant legal standards. In particular, substantial evidence supports the ALJ's determination that T.H.J.P.'s impairments did not meet or equal a listed impairment, and did not functionally equal a listed impairment.

First, there is no evidence in the record that Pittman's ADHD and /or learning disability/speech disorder met any listing, including Listing 112.05 (Intellectual Disability) or Listing 112.11 (Attention Deficit Hyperactivity Disorder). As set forth more fully below, there is no evidence of marked inattention, marked impulsiveness and marked hyperactivity. In addition, there is no evidence of any presumptively low IQ scores. In addition, while Pittman's mother testified at the hearing that T.H.J.P. doesn't pay attention in school and has trouble completing assignments

when he is not provided an assistant, the Teacher Questionnaires in the record do not corroborate Pittman's testimony. Those Teacher Questionnaires reveal, at most, moderate problems attending and completing tasks. Similarly, the medical evidence, while supportive T.H.J.C.'s need for ADHD medication (Vyvanse, and then Adderral), do not contain any findings that would indicate marked inattention, marked impulsiveness, and marked hyperactivity.

Second, the evidence in the record supports the ALJ's determinations as to T.H.J.P.'s functioning levels in the six domains set forth in 20 C.F.R. § 416.926a. A "marked" limitation is one that "interferes seriously with [a claimant's] ability to independently initiate, sustain, or complete activities," and is a limitation that is 'more than moderate' but 'less than extreme,'" and an "extreme" limitation is one that "interferes very seriously with your ability to independently initiate, sustain, or complete activities," and is "'more than marked." 20 C.F.R. § 416.926a(e)(2), (3). Pittman's testimony at the hearing did not describe any limitations that could be considered marked or extreme. In addition, the four Teacher Questionnaires in the record reveal some limitations, but not marked or extreme limitations in any of the six domains. T.H.J.P.'s science teacher, in May 2014, noted that T.H.J.P. had no limitations in any domain (Tr. 218-225). T.H.J.P.'s English teacher, in May 2014, found that T.H.J.P. had slight to no problems acquiring and using information; generally slight problems attending and completing tasks, although T.H.J.P. was noted to "play[] a lot in class" and was often disruptive to other students; slight problems interacting and relating with others; and some (but not serious) problems caring for himself (Tr. 210-217). T.H.J.P.'s social studies teacher, in May 2014 found only that T.H.J.P. had a serious problem making and keeping friends and seeking attention appropriately, but otherwise had generally no other problems interacting and relating with others; and had some (but not characterized as serious) problems caring

for himself, in that he "had difficulty handling his frustration," and "appeared to have no conscience, sense of coping skills." (Tr. 226-233). Finally, T.H.J.P.'s world geography teacher, in October 2014, determined that T.H.J.P. had some (but not characterized as serious) problems acquiring and using information, attending and completing tasks, interacting and relating to others, and caring for himself. These four teacher evaluations, coupled with the medical evidence of record which notes T.H.J.P.'s ADHD, and his learning difficulties, but does not evidence any marked or extreme limitations attendant to those impairments, supports the ALJ's determination that T.H.J.P. has less than marked limitations in four domains (acquiring and using information, attending and completing tasks, interacting and relating to others, and caring for himself), mild limitation in one domain (health and physical well-being), and no limitation in one domain (moving about and manipulating objects). Those determinations support the ALJ's conclusion that T.H.J.P.'s impairments are not functionally equivalent to a listed impairment, and that T.H.J.P. is not "disabled" for purposes of Pittman's request for supplemental security income benefits for T.H.J.P.

There is, in addition, no basis for altering this conclusion based on the additional records Pittman has filed in this appeal. Most of the medical/counseling records submitted by Pittman at Document No. 11 post-date the period under consideration. As for those records which were within the period under consideration, none suggest or evidence any limitations greater than that found by the ALJ in his decision in any of the six domains. Similarly, the educational records submitted by Pittman at Document No. 12 post-date the period under consideration, and while they show that Pittman has received speech therapy at school during the 2017-2018 school year, nothing in those school records suggests or evidences any limitations greater than that found by the ALJ. Pittman's submissions (Document Nos. 11 and 12) do not warrant either a decision different from that reached

by the Commissioner, or a remand to the Commissioner for consideration of the evidence Pittman has submitted herein.[1]

## VI. Conclusion and Order

Based on the foregoing, and the conclusion that the ALJ's determination at step three is supported by substantial evidence and comports with governing legal principles, it is

ORDERED that Defendant's Motion for Summary Judgment (Document No. 16) is GRANTED, and the decision of the Commissioner denying Pittman's application for supplemental security income benefits is AFFIRMED.

Signed at Houston, Texas, this 7th day of November, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

---

[1] Under 42 U.S.C. § 405(g), the Court has the power to enter "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Court does not have the authority to reverse or modify the decision of the Commissioner based on its consideration of new evidence. *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1999). Rather, § 405(g) only authorizes the Court to remand the case to the Commissioner for further action and the taking of additional evidence. Such a remand is justified when there has been a showing that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *McQueen v. Apfel*, 168 F.3d 152, 156 (5th Cir. 1999). Evidence which is merely cumulative of that already in the administrative record is not "new" evidence that would support a remand under § 405g. *See Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989); *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987). Evidence that does not relate to the time period for which benefits were denied, as well as evidence of the deterioration of a previously non-disabling condition when the deterioration occurred after the period for which benefits were sought, is not "material" evidence. *Ripley v. Chater*, 67 F.3d 552, 555, n.14 (5th Cir. 1995); *Smith v. Apfel*, 87 F.Supp.2d 621, 627 (W.D. La. 2000). Similarly, when the consideration of the allegedly "new evidence" would not, based on a reasonable probability, result in a different disability determination, the evidence is not "material". *Ripley*, 67 F.3d at 555; *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).